**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARLA GABRIELA ROSA-MARTINEZ, | No. 22-1671 |
| Petitioner, | Agency No. A209-888-027 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Karla Gabriela Rosa-Martinez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's decision denying her applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Rosa-Martinez failed to establish she was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Rosa-Martinez's asylum claim fails. Because she failed to establish any nexus at all, Rosa-Martinez also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

We do not address Rosa-Martinez's contentions that her past harm rises to the level of persecution, her particular social groups are cognizable, and that she has a well-founded fear of future persecution because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

To the extent Rosa-Martinez raises a new particular social group based on a prior abusive relationship, it is not properly before the court because she failed to raise it before the agency. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative

22-1671

remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

Substantial evidence also supports the agency's denial of CAT protection because Rosa-Martinez failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'") (internal citation omitted).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**